# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

HEAT & FROST INSULATORS LOCAL 127
HEALTH FUND, HEAT & FROST INSULATORS
LOCAL 127 PENSION FUND, HEAT & FROST
INSULATORS LOCAL 127 ANNUITY FUND,
and JIM HOPPE,

                Plaintiffs,

v.                                              Case No. 07-C-0092

U.P. INSULATION, INC.,

                Defendant.

_____

## ORDER

On January 26, 2007, the plaintiffs filed suit against defendant U.P. Insulation, Inc., alleging that U.P. Insulation failed to submit contributions as required by a collective bargaining agreement to which it is a party. The plaintiffs move for default judgment but, for the reasons stated below, they have not provided sufficient information to support their motion.

In their original complaint, the plaintiffs sought $10,816.52, representing unpaid contributions, interest and liquidated damages for the period January 1, 2002, through December 31, 2004. In their amended complaint, the plaintiffs sought $19,762.37, representing unpaid contributions, interest and liquidated damages for the period January 1, 2005, through December 31, 2006. In their second amended complaint, the plaintiffs seek damages for both periods. On December 5, 2007, the plaintiffs requested the entry of default and moved for default judgment. After the clerk of court

notified the plaintiffs that no return of service was on file in the action, the plaintiffs filed amended documents in support of an entry of default and default judgment.

For reasons not articulated by the plaintiffs, they do not seek default judgment for the unpaid contributions, interest and liquidated damages for the period January 1, 2002, through December 31, 2004. Perhaps this is because the only page of the collective bargaining agreement that the plaintiffs filed indicates that the authorized representative of U.P. Insulation signed the agreement on June 25, 2004, and that the agreement is effective June 1, 2004, through May 31, 2007. More importantly, based upon the materials submitted to the court, the court is unable to determine the amount of any contributions, interest and liquidated damages that are owing to the Plaintiff Funds. Although the plaintiffs attach the signature page of a collective bargaining agreement and pages that pertain to audit billing, the plaintiffs have not supplied the court with documentation necessary to verify that the auditor's computation of the contribution rate per hour, the liquidated damages, and the interest is correct. At a minimum, the plaintiffs should: (1) supply the court with the portions of the collective bargaining agreement, or other authority upon which the plaintiffs rely, that pertain to the contribution rate, liquidated damages, interest, and attorneys' fees; and (2) identify the auditor and file an affidavit in which the auditor explains his calculations.

The plaintiffs must also provide additional support for their requested attorneys' fees. First, the plaintiffs should explain why they have submitted three separate statements of attorney fees that are largely duplicative in nature. One statement is labeled, "FAS004 - 69993." This statement purports to describe 6.4 hours of time for

attorney fees in the amount of $375.00. The second statement is labeled, "FAS003 - 69993." This statement contains the exact same entries as FAS004 with the addition of entries on May 25, 2005, and April 27, 2006. The recorded hours total 6.6 hours. Despite the extra .2 hours of time billed, FAS003 also states that the total amount of attorney fees is $375.00. The third statement is labeled, "FAS127 - 69993." This statement contains the exact same entries as FAS003 with the addition of entries on March 8, 2005, May 17, 2005, May 10, 2006, May 12, 2006, and June 27, 2007. According to the court's calculation, the additional entries constitute 2.3 hours which should result in 8.9 total hours on FAS127. However, the statement indicates that 9.00 hours were billed. Moreover, the attorneys' fees for FAS127 total $1,089.00, and the court has no way to reconcile this much larger fee total with the fee totals in FAS004 or FAS003.

Second, the plaintiffs should demonstrate why they are entitled to attorneys' fees that were incurred nearly two years prior to the filing of the initial complaint. The plaintiffs seek attorneys' fees for work performed as early as March 8, 2005. The original complaint in this action was filed on January 26, 2007. Entries on March 14, 2005, refer to an unexplained audit. The only audit that the plaintiffs have presented to the court is a May 18, 2007 audit that covers the period January 1, 2005, through December 31, 2006. Entries on May 10 and 12, 2006, refer to the preparation of a complaint, but no complaint was filed until January 2007 (and the statements contain separate entries for the filing of the 2007 complaint).

3

Third, the plaintiffs should omit time that was not reasonably incurred in the prosecution of the action, including time spent preparing the several iterations of the complaint as well as the amended documents in support of the entry of default and default judgment. In this case, the time spent drafting the several iterations of the complaint as well as the amended documents appear to be due to the errors or oversights of plaintiffs' counsel. No defendant, including those who have defaulted, should be made to pay for such attorneys' fees. The court is also inclined to exclude time spent doing nothing but "review[ing the] file" as inadequately explained time.

Finally, the plaintiffs have not identified "CM," "RLS," "BAM," or "JJB," persons who have recorded billable time nor have the plaintiffs indicated the billing rate of any of these persons.

The plaintiffs shall address the issues identified in this order and supply additional information to the court in compliance with this order on or before twenty (20) days from the date of this order. The plaintiffs should not seek reimbursement from the defendant for any fees and costs incurred in an effort to comply with this order.

Accordingly,

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge